**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

MANUEL PLANCARTE,

 Petitioner,

vs.

UNITED STATES OF AMERICA,

 Respondent.

No. C07-4098-MWB
(No. CR04-4092-2-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
 *A. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . 2
 *B. The Petitioner's Charges, Plea, Sentence, and Appeal* . . . . . . . . . . . . 4

*II. EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
 *A. Failures in Relation to Plancarte's Guilty Plea* . . . . . . . . . . . . . . . 7
 *B. Failures Related to Plancarte's Sentencing Enhancements* . . . . . . . . . . 9
 *C. Failure to Investigate Plancarte's Presence in Mexico* . . . . . . . . . . . 13

*IV. CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . . 15

*V. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I. INTRODUCTION AND BACKGROUND
### A. The Petitioner's § 2255 Motion[1]

On October 29, 2007, Petitioner Manuel Plancarte filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket no. 1). To his motion, Plancarte attached his *pro se* Memorandum of Law and Fact in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 United States Code § 2255 (docket no. 1-2) and Exhibits A, B1, B2, C, and D, which are completely in the Spanish language (docket no. 1-3). In Plancarte's motion, he first claims that his counsel was ineffective for allowing him to plead guilty without properly explaining the consequences of pleading guilty, making statements that pressured him into pleading guilty, and allowing him to plead guilty involuntarily and unknowingly. Second, Plancarte claims that his counsel was ineffective for allowing the court to apply any enhancements to increase his sentence—Plancarte argues that counsel should have either clarified at the plea hearing that no enhancements would apply, objected to the enhancements at the time of sentencing, or pursued an argument that sentencing enhancements are unconstitutional. Third, Plancarte claims his counsel was ineffective for failing to develop the issue of whether Plancarte was in Mexico during the conspiracy. Lastly, Plancarte asks for an evidentiary hearing.

On January 4, 2008, the respondent filed its Court Ordered Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (docket no. 3). First, the respondent alleges that Plancarte's counsel was not ineffective related to the guilty plea because it was not counsel's advice for Plancarte to plead guilty. Instead,

---

[1] Plancarte's § 2255 motion is case number C07-4098-MWB, and the docket entries cited under this section are associated with this civil case number.

the respondent argues that Plancarte's counsel was surprised that Plancarte decided to plead guilty. Second, the respondent claims that Plancarte's counsel was not ineffective for failing to object to the sentencing enhancements, as counsel did object to the enhancements—counsel also challenged the court's findings regarding the role enhancement, and finding of drug quantity, on appeal. According to the respondent, the fact that counsel appealed the enhancements to the Eighth Circuit Court of Appeals should prevent Plancarte from relitigating the issue of whether the enhancement, and drug quantity finding, were properly applied, in this § 2255 action. Third, the respondent claims that, even if Plancarte was in Mexico during part of the conspiracy, his counsel did not pursue a defense related to his presence in Mexico because counsel believed Plancarte was running the drug conspiracy from Mexico. Alternatively, the respondent contends that, even if Plancarte was not running the drug conspiracy from Mexico, Plancarte returned to the United States and was part of the drug conspiracy before it ended on August 23, 2004, when Plancarte was arrested for selling methamphetamine to a confidential informant. Lastly, the respondent claims that an evidentiary hearing is not necessary in this case.

On January 28, 2008, Plancarte filed his *pro se* reply brief (docket no. 4). In the brief, Plancarte asks the court to interpret his exhibits (docket no. 1-3), as they allegedly show what Plancarte was doing during the conspiracy, between 1999 and 2002. Plancarte also argues, in supplementing his claim that his counsel was ineffective for allowing him to plead guilty, that his counsel should have asked for a continuance of the plea hearing in order to provide Plancarte time to understand the consequences of pleading guilty.

On January 22, 2009, Plancarte filed his *pro se* Motion in Supplement to Already Filed [*pro se*] § 2255 [Motion] (docket no. 6). In addition to emphasizing arguments

Plancarte raised in previous filings, he specifically challenges the court's authority to make the factual findings for sentencing enhancements by a preponderance of the evidence.

### B. The Petitioner's Charges, Plea, Sentence, and Appeal[2]

On September 22, 2004, an indictment was returned against Plancarte, charging him with conspiracy to distribute 15,000[3] grams or more of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860(a) (count 1) and possession with the intent to distribute 50 grams or more of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (count 2). A trial was scheduled on the charges, to commence on January 19, 2005. However, Plancarte decided to plead guilty to both counts on the morning trial was to commence, and he did so in front of this court while the jury waited. On April 29, 2005, The Honorable James E. Gritzner, United States District Court Judge[4], sentenced Plancarte to a term of 275 months imprisonment on count 1[5] and 60 months on count 2, to run concurrently. Plancarte appealed his

---

[2] Plancarte's criminal case number is CR04-4092-2-MWB, and docket entries cited under this section are associated with this criminal case number.

[3] Plancarte subsequently pled guilty to distributing 500 grams or more of methamphetamine mixture. However, Plancarte was sentenced with the top base offense level of 38, due to the quantities involved in the conspiracy.

[4] Due to the undersigned's schedule, Judge Gritzner presided over Plancarte's sentencing hearing. *See* docket no. 47.

[5] The Judgment in this case reflects that Plancarte was not sentenced under 21 U.S.C. § 860a. *See* docket no. 61.

4

conviction and sentence, and the Eighth Circuit Court of Appeals affirmed[6] on June 27, 2006. *United States v. Plancarte-Vazquez*[7], 450 F.3d 848 (8th Cir. 2006).

## II. EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that Plancarte is entitled to no relief and will, therefore, not hold a hearing in this case. *See id*.

## III. LEGAL ANALYSIS

All of Plancarte's grounds for relief are for ineffective assistance of counsel—alleged violations of the Sixth Amendment to the United States Constitution,

---

[6] Plancarte had challenged the court's drug quantity calculation and the role enhancement for being a supervisor or manager of a drug trafficking conspiracy. *United States v. Plancarte-Vazquez*, 450 F.3d 848, 852-53 (8th Cir. 2006).

[7] The Eighth Circuit Court of Appeals was also considering the appeal brought by Plancarte's son, Isidro Plancarte-Vazquez.

which provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. The general standards related to claims of ineffective assistance of counsel in § 2255 motions are well settled:

> "[P]ost-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense."

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

Plancarte asserts three claims of ineffective assistance of counsel: (1) that his counsel was ineffective for allowing him to plead guilty without properly explaining the consequences of pleading guilty, pressuring him into pleading guilty, and allowing him to plead guilty involuntarily and unknowingly; (2) that his counsel was ineffective for allowing the court to apply a sentencing enhancement and drug quantity determination to increase his sentence; and (3) that his counsel was ineffective for failing to develop the issue of whether he was in Mexico during the conspiracy.

### A. Failures in Relation to Plancarte's Guilty Plea

Plancarte claims that his counsel inadequately explained the consequences of pleading guilty, pressured him into pleading guilty, and that he plead guilty involuntarily and unknowingly, in part due to his inability to speak English. Plancarte argues that, instead of holding the plea hearing the morning that the trial was to take place, counsel should have asked for a continuance in order to allow him more time to explain the ramifications of pleading guilty and waiving his right to a jury. Because of these alleged errors by counsel, Plancarte seeks to enter a new guilty plea and to be re-sentenced by a different judge.

The respondent claims that Plancarte's counsel was prepared to go to trial and planned on proceeding to trial. *See* docket no. 3 (citing counsel affidavit, docket no. 3-2). In response to Plancarte's claim that he could not understand the proceedings due to his inability to speak English, the respondent claims that the argument is frivolous as Plancarte had an interpreter for his plea hearing and sentencing hearing[8].

The plea hearing transcript refutes Plancarte's claim that he was pressured to plead guilty. At the plea hearing, Plancarte's counsel stated:

> I understand why my client wants to plead guilty. It's a reasonable decision to make. Would it necessarily be my advice that he should plead guilty as opposed to going to trial? Probably not. . . .

Realtime Unedited Transcript, p. 5. Plancarte's counsel stated that it was not his advice to plead guilty, and at no time did Plancarte refute this claim. Instead, Plancarte answered

---

[8] Plancarte had interpreters for both his plea hearing and sentencing hearing. Although Plancarte now complains about his ability to understand the proceedings due to his inability to speak English, this complaint does not concern his counsel's assistance and lacks support in the record. Therefore, the court will not further address this complaint.

7

"no" when the court asked him whether "anybody pressured [him] . . . in any way to try and get [him] to plead guilty." *Id.* at 16.

Plancarte also stated, at the plea hearing, that he understood the court's explanation of the charges against him, his rights, and the consequences of pleading guilty. Before taking Plancarte's guilty pleas, the court even asked: "Do you want me to go back over or explain any of the things we've talked about this morning?" Plancarte responded: "No."

In addition to Plancarte's statements at the plea hearing that he wanted to plead guilty, his current request to enter a guilty plea "anew" also demonstrates that Plancarte has suffered no prejudice due to his counsel's actions in association with Plancarte's guilty plea. Plancarte argues in his brief that he is entitled to the following relief:

> (1) the circumstances require only that there be specific performance of the agreement on the plea, in which case the defendant should be resentenced before a different judge, or (2) whether the relief sought by the defendant as to withdrawing his guilty plea should be granted, which case the defendant will plead anew to the agreed upon plea and sentence.

Docket no. 1-2. First, Plancarte asks for re-sentencing in accordance with "the agreement on the plea." *Id.* However, there was no plea agreement in this case, and any request to enforce a plea agreement is frivolous. Second, Plancarte asks the court to allow him to plead guilty again and, apparently, be re-sentenced. Plancarte does not explain, however, how a subsequent guilty plea would result in a different sentence. Plancarte's argument may be that the court should permit him to withdraw his guilty plea because his counsel's failure to seek a continuance prevented him from entering into a plea agreement with the respondent. However, Plancarte has not shown a reasonable probability that this court would have granted such a continuance had his counsel requested one the morning of

8

trial—or that the respondent would have entered into a plea agreement had a continuance been granted. Rather, it is extremely unlikely that this court would postpone a plea hearing for a defendant who decides to plead guilty the morning of trial, especially considering the jury waited while this court took Plancarte's guilty plea. *See* docket no. 35; Realtime Unedited Transcript, p. 2 (This court stated that the jury had been kept waiting "so that if this guilty plea is not accepted by me this morning, then we can go ahead and start your jury trial.") For these reasons, the court finds that Plancarte's claim that he was pressured into pleading guilty is contradicted by the record and that Plancarte has otherwise failed to show that he was prejudiced by his counsel's alleged errors—the court will not grant Plancarte's motion on the above ground.

### B. *Failures Related to Plancarte's Sentencing Enhancements*

Plancarte claims that his counsel was ineffective for failing to clarify at the plea hearing that no enhancements would apply or, alternatively, by failing to object to the enhancements at the time of sentencing—Plancarte's sentence was enhanced due to the court's finding that Plancarte was a manager or supervisor of the drug conspiracy and a drug quantity finding was used to establish Plancarte's base offense level. *See* docket no. 74 (sentencing transcript). Plancarte argues that sentencing enhancements are unconstitutional because they do not require the defendant to plead guilty to them—Plancarte claims that he did not waive his right to have a jury determine the factual findings necessary to apply the enhancements at issue in his sentencing.

The respondent argues that Plancarte's attorney was not ineffective because he did object to the enhancements assessed at trial. In fact, the respondent points out that Plancarte's counsel was successful in arguing that the enhancement for attempted use of a minor should not apply. Similarly, the respondent claims that counsel successfully

9

pursued his objection to the Pre-Sentence Investigation Report's failure to award Plancarte two points for acceptance of responsibility. The respondent also claims that counsel appealed the enhancements for drug quantity and role to the Eighth Circuit Court of Appeals and that Plancarte is improperly attempting to relitigate these same issues through his § 2255 motion. *See* docket no. (citing *Withrow v. Williams*, 507 U.S. 680, 720-21 (1993); *Thompson v. United States*, 7 F.3d 1377, 1378-79 (8th Cir. 1993); *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000).

So far as Plancarte is claiming that the enhancements were improperly assessed, the court will not reconsider this claim. It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal. *See English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993) ("In the absence of an intervening change in the law, or newly discovered evidence, we will not reconsider any claim that was resolved on direct appeal in a section 2255 habeas proceeding."); *United States v. Sanders,* 723 F.2d 34, 36 (8th Cir. 1983) ("Absent an intervening change in the applicable law, issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack.") (citations omitted)); *see also Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (§ 2255 is not intended to be either a substitute for direct appeal or opportunity to reargue matters decided on direct appeal; "law of the case" doctrine prevents reargument); *United States v. Sanin,* 252 F.3d 79, 83 (2d Cir. 2001) (holding that it is well established that a § 2255 petition cannot be used to "'relitigate questions which were raised and considered on direct appeal.'") (quoting *Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir. 1992)). The Eighth Circuit Court of Appeals found that the district court properly applied the role enhancement and made a proper drug quantity determination—because Plancarte's counsel objected to the enhancements, appealed the district court's decision to assess the enhancements, and

Plancarte provides no other arguments concerning how his counsel's performance was deficient in this regard, the court finds that counsel's performance was not deficient when handling the enhancements and drug quantity determination at sentencing.

Plancarte also argues that his counsel should have clarified, at the plea hearing, that enhancements would not apply. Federal criminal defendants may enter into a plea agreement where the defendant and the prosecution "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." FED. R. CIV. P. 11(c)(1)(C). In other words, it is possible that Plancarte's counsel could have entered into a plea agreement that, if accepted by the court, would have limited the sentencing court's ability to apply the enhancements in question. However, Plancarte has provided the court with no evidence to support his assumption that the respondent would have entered into an 11(c)(1)(C) plea agreement under Plancarte's desired terms or that the court would have accepted such an agreement. Instead, it is unlikely Plancarte would have been able to enter into an 11(c)(1)(C) plea agreement the morning trial was to begin. The court does not find it reasonably probable that the respondent would have entered into an 11(c)(1)(C) agreement limiting the court's ability to apply sentencing enhancements, even if Plancarte's counsel would have pursued the option. *See United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (To overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine

11

confidence in the outcome.'") (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Lastly, Plancarte argues that his counsel was ineffective for failing to challenge the constitutionality of sentencing enhancements. The Eighth Circuit Court of Appeals has explained:

> After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "judicial factfinding is permissible at sentencing so long as the district court understands that the sentencing guidelines are advisory only." *United States v. Brave Thunder*, 445 F.3d 1062, 1065 (8th Cir.2006). Under an advisory sentencing regime, "the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct" where the defendant is "not sentenced in excess of the statutory maximum." *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir.2006) (citing *United States v. Red Elk*, 426 F.3d 948, 951 (8th Cir.2005)); *see also United States v. Okai*, 454 F.3d 848, 851 (8th Cir.2006) (explaining, "after Booker, facts underlying sentencing enhancements that are not used to increase the defendant's sentence above the congressionally authorized maximum need not be alleged in the indictment to pass constitutional muster" (citations omitted)). "[S]entencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence." *Garcia-Gonon*, 433 F.3d at 593 (citing *United States v. Pirani*, 406 F.3d 543, 551 n. 4 (8th Cir.2005) (en banc)).

*United States v. Cruz-Zuniga*, 571 F.3d 721, 726 (8th Cir. 2009). Plancarte pled guilty to conspiracy to distribute 500 grams or more of methamphetamine mixture. As a result, Plancarte was subject to the penalties set forth in 21 U.S.C. § 841(b). *See* 21 U.S.C. § 841(b)(1)(A)(viii). Under § 841(b), Plancarte was to "be sentenced to a term of imprisonment which may not be less than 10 years or more than life." 21 U.S.C. §

841(b). Because Plancarte's statutory maximum was life imprisonment, the court could enhance Plancarte's sentence to 275 months pursuant to any applicable enhancements in this case, based on judge-found facts by a preponderance of the evidence. *See Cruz-Zuniga*, 571 F.3d at 726. For these reasons, the court will not grant Plancarte's motion on the ground that his counsel was ineffective for failing to object to, or otherwise avoid, the imposition of sentencing enhancements before the sentencing, at the sentencing, or on direct appeal.

### *C. Failure to Investigate Plancarte's Presence in Mexico*

Plancarte claims that his counsel was ineffective for failing to pursue the issue of whether he was in Mexico during the conspiracy. According to Plancarte, the documents he attached to his complaint, as Exhibits 1 through 5, demonstrate that he was in Mexico from 1999 to 2002.

The respondent claims that, on August 23, 2004, Plancarte was arrested by government agents in Sioux City, Iowa, after selling methamphetamine to a confidential informant. According to the respondent, Plancarte does not contest that he was in the United States from 2002 to the date of his arrest, and he had more than sufficient time to be an active participant in the conspiracy and, therefore, responsible for the entire length of the conspiracy. The respondent also argues that Plancarte's counsel found in the discovery file that Plancarte was running the drug operation from Mexico, while he lived there.

The Eighth Circuit Court of Appeals has explained that, "[t]o convict a defendant of conspiracy, the government must prove that there was an agreement to achieve an illegal purpose, that the defendant knew of the agreement, and that the defendant knowingly became part of that agreement. *United States v. Jenkins-Watts*, 2009 WL 2366404, *5 (8th

Cir. August 4, 2009) (citing *United States v. McAdory*, 501 F.3d 868, 871 (8th Cir.2007)). In addition, "it is not necessary that the participants or activities remain static throughout the duration of the conspiracy. . . . participants may be uninvolved in, or even unaware of, all acts committed in furtherance of the conspiracy." *United States v. Hill*, 410 F.3d 468, 471 (8th Cir. 2005) (citations omitted). Similarly, "[w]hen a conspiracy exists, the entire weight of drugs can be attributable to all members." *United States v. May*, 476 F.3d 638, 642 (8th Cir. 2007).

Plancarte pled guilty to a conspiracy that began in 1998 and ended on August 23, 2004. Even if the court found that Plancarte was in Mexico from 1999 to 2002, such a finding would not preclude Plancarte from being convicted of the conspiracy. In fact, even if Plancarte was not running the drug conspiracy from Mexico through his son, Isidro Plancarte-Vazquez, as Plancarte's counsel had determined, *see* docket no. 3-2 (counsel affidavit), the weight of drugs involved in the conspiracy during his absence could be attributed to him. *See May*, 476 F.3d at 642. In order to prove that Plancarte was involved in this conspiracy, and to attribute all the drugs of the conspiracy to him, the respondent only needed to prove that there was an agreement to distribute 500 grams or more of methamphetamine mixture, that Plancarte knew of the agreement, and that Plancarte knowingly became part of the agreement. *See Jenkins*, 2009 WL 2366404 at *5. In other words, the facts necessary to prove Plancarte was involved in this conspiracy do not depend on his presence in the United States between 1999 and 2002. For these reasons, Plancarte has not shown that his counsel's failure to further investigate Plancarte's presence in Mexico during the conspiracy prejudiced him, even assuming Plancarte was in Mexico during the time period he alleges. Therefore, the court will neither translate the documents at issue nor grant Plancarte's motion on the ground that his counsel was

ineffective for failing to further investigate whether Plancarte was in Mexico for part of the conspiracy.

## IV. CERTIFICATE OF APPEALABILITY

Denial of Plancarte's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from: (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Plancarte has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Plancarte's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Plancarte does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## *V. CONCLUSION*

THEREFORE, petitioner Manuel Plancarte's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket no. 1) is **denied in its entirety**. An evidentiary hearing will not be held in this case. This case is **dismissed in its entirety**, and the court will issue no certificate of appealability for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 15th day of September, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA